IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CELESTIA RALSTON,

        Plaintiff,

vs.                              Case No. 12-1448-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,[1]

        Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties.

## I. General legal standards

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue, the former Commissioner of Social Security.

scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or

mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If

the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II. History of case**

On August 19, 2011, administrative law judge (ALJ) Janice E. Barnes-Williams issued her decision (R. at 10-18). Plaintiff alleges that she has been disabled since September 13, 2009 (R. at 10). Plaintiff is insured for disability insurance benefits

through December 31, 2014 (R. at 12). At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since plaintiff's alleged onset date (R. at 12). At step two, the ALJ found that plaintiff has the following severe impairments: recurrent deep vein thrombosis (DVT), cognitive disorder and mood disorder (R. at 12). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 12). After determining plaintiff's RFC (R. at 14), the ALJ determined at step four that plaintiff is unable to perform any past relevant work (R. at 17). At step five, the ALJ determined that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 17-18). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 18).

**III. Are the ALJ's RFC findings supported by substantial evidence?**

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence." The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the

ALJ must explain why the opinion was not adopted. SSR 96-8p, 1996 WL 374184 at *7. SSR rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence. See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003). The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence. Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003). It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions. Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995). When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination. Such bare conclusions are beyond meaningful judicial review.

Brown v. Commissioner of the Social Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

The ALJ made the following RFC findings:

> …I find the claimant has the residual functional capacity to perform less than a full range of light work as defined in 20 CFR 404.1567(b). The claimant can lift 10 pounds frequently and 20 pounds occasionally. The claimant can sit for six hours in an eight-hour day, and she can stand or walk six hours in an eight-hour day. However, she needs to work in a non-captive position that allows her to alternate sitting and standing at will. The claimant is capable of performing simple, routine, and repetitive tasks but needs to avoid all contact with the general public. She is capable of working around co-workers throughout the day but with only occasional interaction with co-workers.

(R. at 14).

Plaintiff argues that the ALJ's RFC findings were not supported by the record. The court will therefore examine the record regarding plaintiff's mental and physical impairments and limitations.

On January 9, 2010, Dr. Meier performed a consultative psychological evaluation on the plaintiff (R. at 477-480). In her clinical assessment regarding ability to work, she stated:

> Ms. Ralston appears to show some cognitive limitations which could interfere with her employment. She is limited in her attention and concentration abilities. She is able to perform simple tasks, however struggles with complex tasks. Premorbidly, her cognitive abilities were most likely within the

> average range and have decreased to the
> below-average range. She struggles with
> verbal expression and immediate memory
> tasks. She showed some frustration with her
> abilities to perform well on more complex
> tasks during the evaluation. When I asked
> Ms. Ralston why she felt she was unable to
> work she responded, "My temper is short,
> crowds bother me, and I can't climb ladders
> or lift things." She relates a positive
> history of work relationships. Her only
> source of income at this time is
> unemployment. Ms. Ralston reports she does
> not currently manage her own funds and feels
> she is unable to do such. She reports her
> mother performs this function. She becomes
> overwhelmed and frustrated with some simple
> tasks.

(R. at 480).

Dr. Adams performed a state agency assessment on March 1, 2010 (R. at 487-504); this assessment was affirmed by Dr. Bergmann-Harms on May 27, 2010 (R. at 525). Dr. Adams indicated that plaintiff was moderately limited in her ability to understand, remember and carry out detailed instructions, in the ability to maintain attention and concentration for extended periods, in the ability to interact appropriately with the general public, and in the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes (R. at 502-503). In her narrative functional capacity assessment, Dr. Adams stated that plaintiff can understand and follow simple instructions, plaintiff may have some difficulty sustaining concentration but can attend to simple tasks and

complete a normal work week, plaintiff is likely to be limited in working with the public and co-workers but can interact appropriately with supervisors, and that plaintiff is capable of making plans, responding to changes, avoiding hazards, following rules and maintaining a schedule (R. at 504).[2]

The ALJ accorded significant weight to the opinions of Dr. Meier and to the opinions of Dr. Adams (R. at 16). The ALJ's mental RFC findings limited plaintiff to simple, routine, repetitive tasks who needed to avoid all contact with the general public. Plaintiff should also be limited to occasional contact with co-workers (R. at 14).

Plaintiff argues that the ALJ did not properly explain how she resolved the inconsistencies between the medical source opinions regarding plaintiff's mental limitations and the ALJ's RFC findings (Doc. 11 at 21), and that it is unclear if all the appropriate limitations were assessed in the RFC because the ALJ did not consider certain impairments in the state agency assessment (Doc. 11 at 22). The defendant argued that the evidence did not support plaintiff's allegations of disabling concentration difficulties (Doc. 16 at 12).

Dr. Meier stated that plaintiff is limited in her attention and concentration abilities (R. at 480). Dr. Adams stated that plaintiff is moderately limited in her ability to maintain

---

[2] The court would also note that a 2007 neuropschological evaluation (before plaintiff's alleged onset date) found a "probable impairment in attention and concentration" (R. at 332).

concentration and attention for extended periods (R. at 502), and further stated that plaintiff may have some difficulty with sustaining concentration (R. at 504). Although the ALJ gave significant weight to these opinions, the ALJ's RFC findings make no mention of plaintiff having a limitation in concentration and attention.

Even simple work can be ruled out by a vocational expert on the basis of a serious impairment in concentration and attention. Moderate impairments may also decrease a claimant's ability to perform simple work. Bowers v. Astrue, 271 Fed. Appx. 731, 733 (10th Cir. March 26, 2008); see Brosnahan v. Barnhart, 336 F.3d 671, 675 (8th Cir. 2003); Newton v. Chater, 92 F.3d 688, 695 (8th Cir. 1996)(two medical opinions indicated that that claimant had moderate limitations in his ability to maintain attention and concentration for extended periods; the vocational expert testified that a moderate deficiency in concentration and persistence would cause problems on an ongoing daily basis regardless of what the job required from a physical or skill standpoint; the court rejected the Commissioner's contention that deficiencies in attention and concentration, along with other mental limitations, did not have to be included in the hypothetical question because the question limited the claimant's capabilities to simple jobs).

Furthermore, in <u>Wiederholt v. Barnhart</u>, 121 Fed. Appx. 833, 839 (10th Cir. Feb. 8, 2005), the ALJ posed a hypothetical question that limited plaintiff to simple, unskilled work, and omitted from the hypothetical the ALJ's earlier and more specific findings that she had various mild and moderate restrictions. The court held that the relatively broad, unspecified nature of the description "simple" and "unskilled" did not adequately incorporate additional, more specific findings regarding a claimant's mental impairments (including moderate difficulty in maintaining concentration, persistence, or pace), and therefore the hypothetical question was flawed. Because of the flawed hypothetical, the court found that the VE's opinion that the claimant could perform other work was therefore not substantial evidence to support the ALJ's decision.

In addition, according to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence." The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96-8p,

11

1996 WL 374184 at *7.  SSR rulings are binding on an ALJ.  20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).

In the case of Martinez v. Astrue, 422 Fed. Appx. 719, 724-725 (10th Cir. Apr. 26, 2011), the court held that the ALJ erred by failing to include all of the limitations found by Dr. LaGrand without explaining why he rejected some of the limitations, especially in light of the ALJ's conclusion that the medical source's opinion was entitled to "great weight." The ALJ simply ignored certain limitations contained in the medical report.  The court held that the ALJ may have had reasons for giving great weight to some of the limitations set forth by the medical source, while rejecting other limitations. However, before rejecting some of the limitations, the ALJ was required to discuss why he did not include those limitations. An ALJ should explain why he rejected some limitations contained in a RFC assessment from a medical source while appearing to adopt other limitations contained in the assessment.  Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007).

In light of the fact that the ALJ gave significant weight to medical source opinions that consistently found that plaintiff had limitations in her attention and concentration, the ALJ erred by failing to either include this limitation in

her RFC findings, or, in the alternative, providing a legally sufficient explanation for not including for that limitation. On remand, the ALJ must either include this limitation, or provide a legally sufficient explanation for not including the limitation in the RFC findings.

Regarding plaintiff's physical limitations, the ALJ found that plaintiff can lift 10 pounds frequently and 20 pounds occasionally, can sit for six hours in an eight-hour day, and stand/walk for six hours in an eight-hour day. She also needs to be able to sit and stand at will (R. at 14).

No medical evidence supports the ALJ's physical RFC findings. An exact correspondence between a medical opinion and the RFC is not required. In reaching his RFC determination, an ALJ is permitted, and indeed required, to rely on all of the record evidence, including but not limited to medical opinions in the file. <u>Wells v. Colvin</u>, 727 F.3d 1061, 1071 (10th Cir. 2013).

Plaintiff testified that she can lift about 20 pounds, but has a hard time doing that (R. at 33). Thus, the ALJ's RFC findings regarding plaintiff's lifting limitations are consistent with plaintiff's own testimony. Plaintiff also testified that she could stand off and on about 4-5 hours a day, and could sit for about 4-5 hours a day (R. at 33). The ALJ found that plaintiff could sit for 6 hours in an 8 hour workday,

and stand/walk for 6 hours in an 8 hour workday, with the need to alternate sitting and standing at will (R. at 14). However, the ALJ did not find plaintiff fully credible, a finding that plaintiff does not contest. Therefore, the ALJ could have determined that plaintiff is not as limited as she claimed in her testimony, and therefore made RFC findings less restrictive than the restrictions plaintiff asserted in her testimony.

On the one hand, to the extent that there is very little medical evidence directly addressing a claimant's RFC, an ALJ may be found to make unsupported findings concerning her functional abilities. The ALJ must make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC. Fleetwood v. Barnhart, 211 Fed.Appx. 736, 740 (10th Cir. 2007). On the other hand, the ALJ can engage in less extensive analysis where none of the record medical evidence conflicts with the ALJ's conclusion that plaintiff can perform light work. Wall v. Astrue, 561 F.3d 1048, 1068 (10th Cir. 2009). In the case before the court, there is no medical opinion evidence regarding plaintiff's physical limitations, except for a medical opinion that plaintiff has no severe physical limitations; an opinion rejected by the ALJ (R. at 16).

In light of the fact that the court is reversing and remanding this case because of the ALJ's error in failing to either include a limitation regarding attention and

concentration, or explaining why such a limitation was not included, the court will not decide at this time if the ALJ had before her sufficient evidence regarding plaintiff's physical limitations. However, on remand, the ALJ should make a determination if medical opinion evidence regarding plaintiff's physical limitations is warranted and should be obtained. The ALJ should make clear in her decision what medical facts and/or nonmedical evidence supports the ALJ's mental and physical RFC findings. SSR 96-8p, 1996 WL 374184 at *7.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 27th day of February 2014, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge